UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                          Case No. 19-20799

vs.                                    HON. MARK A. GOLDSMITH

JAVIER LOMALI-LANDERAS,

       Defendant.
_____/

**OPINION & ORDER
DENYING DEFENDANT JAVIER LOMALI-LANDERAS'S MOTION FOR
COMPASSIONATE RELEASE (Dkt. 15) WITHOUT PREJUDICE**

This matter is before the Court on Defendant Javier Lomali-Landeras's motion for compassionate release (Dkt. 15) due to the impact of the COVID-19 pandemic. The Government has filed a response to the motion (Dkt. 19) asserting, among other things, that Lomali-Landeras has not fully exhausted his administrative remedies or waited 30 days after the warden's receipt of Lomali-Landeras's request for compassionate release, which is required under 18 U.S.C. § 3582(c)(1)(A). For the reasons discussed below, Lomali-Landeras's motion is denied without prejudice for failure to comply with § 3582(c)(1)(A).

Lomali-Landeras seeks compassionate release under the First Step Act of 2019, Pub. L. 115-391, 132 Stat. 5194. The First Step Act modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3582, such that district courts may entertain motions filed by defendants seeking to reduce their sentences, United States v. Sapp, No. 14-cr-20520, 2020 WL 515935, at *1 (E.D. Mich. Jan. 31, 2020). Generally, federal courts cannot "modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, under 18 U.S.C. § 3582(c)(1)(A)(i), a court may reduce a sentence if, after considering the sentencing factors set forth in § 3553(a), the court finds that

"extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Before seeking compassionate release from federal courts, however, prisoners must "fully exhaust[ ] all administrative rights" or else they must wait for 30 days after the warden's "receipt of [their] request." 18 U.S.C. § 3582(c)(1)(A). The Sixth Circuit recently held, among other things, that there are no statutory exceptions to this requirement, and that the unprecedented COVID-19 pandemic does not warrant creating an equitable exception. United States v. Alam, --- F.3d ---, 2020 WL 2845694, at *3-4 (6th Cir. June 2, 2020). When faced with an untimely motion for compassionate release, district courts must dismiss the motion without prejudice. See id. at *5 ("If (rather than dismissing) we sat on untimely compassionate release motions until the 30-day window ran its course, we could end up reviewing stale motions.").

Lomali-Landeras does not address the § 3582(c)(1)(A) requirements in his motion. The Government, however, confirmed with the Bureau of Prisons that, as of June 17, 2020, Lomali-Landeras has not submitted his request to the warden. See RIS Coordinator Email, Ex. 1 to Resp. (Dkt. 19-1). Therefore, in light of the Sixth Circuit's clear instruction on this issue, Lomali-Landeras's motion (Dkt. 15) must be dismissed without prejudice.

      SO ORDERED.

Dated: June 22, 2020                                    s/Mark A. Goldsmith
   Detroit, Michigan                              MARK A. GOLDSMITH
                                                          United States District Judge